Charles E. Wheeler, Sr. v. Commissioner. Charles E. Wheeler, Sr. and Lula W. Wheeler v. Commissioner.
Wheeler v. Commissioner
Docket Nos. 17553, 17554.
United States Tax Court
1950 Tax Ct. Memo LEXIS 94; 9 T.C.M. (CCH) 818; T.C.M. (RIA) 50224; September 21, 1950
*94 During the taxable years here involved Anita Foutch, the daughter of petitioner Charles E. Wheeler, Sr., was a bona fide member of the partnership of Wheeler-Foutch Company and the partnership interest in her name, evidenced by the partnership agreement and the books of the company, was her own individual property. The profits of the business for each of the taxable years distributable under the contract of partnership to Anita Foutch were income to her and are not to be included in income of petitioner Charles E. Wheeler, Sr. Frank J. Albus, Esq., for the petitioners. A. H. Moorman, Esq., and Ralph W. Harbert, Jr., Esq., for the respondent. LEECH
Memorandum Findings of Fact and Opinion LEECH, Judge: Respondent has determined a deficiency of $4,946.14 for the taxable year 1943 against petitioner Charles E. Wheeler, Sr., and deficiencies of $3,895.43 and $3,733.18 against petitioners Charles E. Wheeler, Sr., and his wife, Lula W. Wheeler, for the years 1944 and 1945. The proceedings have been duly consolidated for hearing. The year 1942 is involved by reason of the Current Tax Payment Act. Practically all of the facts have been stipulated by the parties; those *95 hereinafter set out in our findings of fact and not included in the stipulation were established by evidence. Findings of Fact The petitioners, Charles E. Wheeler, Sr., and Lula W. Wheeler, are husband and wife, residing at Orleans, Indiana. For the calendar years 1942 and 1943 petitioner Charles E. Wheeler, Sr. filed individual income tax returns, and for the calendar years 1944 and 1945 he and his wife, the petitioner Lula W. Wheeler, filed joint income tax returns. All of these returns were filed with the collector of internal revenue at Indianapolis, Indiana, and all were filed upon the basis of cash receipts and disbursements with the exception that the income from the partnership of Wheeler-Foutch Company was reported by petitioner Charles E. Wheeler, Sr. on the basis of his distributive share of the partnership profits whether distributed or not. The partnership of Wheeler-Foutch Company reported income on an accrual basis of accounting. The partnership of Wheeler-Foutch Company was originally organized in December 1931, to carry on a wholesale grocery business, with its principal office at Orleans, Indiana. It operated two stores, one at Orleans and the other at Bedford, *96 Indiana. When the partnership was originally organized it took over the business that had previously been conducted by Orleans Grocery Company, a corporation, which corporation was dissolved upon the transfer of its business to the partnership. At the time of the dissolution of the Orleans Grocery Company the corporation had outstanding 1,138 shares of capital stock held by the following persons in the amounts as shown: Charles E. Wheeler, Sr.
641 shares
Leroy E. Foutch
423 shares
Charles E. Wheeler, Jr.
47 shares
Anita Foutch
15 shares
Lula Wheeler
12 shares
Anita Foutch, referred to above as the owner of 15 shares of the capital stock of the corporation, is the daughter of petitioner Charles E. Wheeler, Sr., and Leroy E. Foutch is her husband. Of the 15 shares of capital stock which Anita Foutch owned in Orleans Grocery Company at the time of the dissolution of the corporation, 5 shares had been acquired by her in 1925 with her own funds at a cost of $115 per share. In the same year she received a gift of 4 shares from her father, and in August 1926 she received 4 1/2 shares as a result of a 50 per cent stock dividend paid by the corporation. In the same *97 year she purchased for $50 1/2 share of stock, and in 1927 she purchased 1 share for $100. These were paid for by her with dividends received by her on stock already owned. At the time of the liquidation of the corporation and the organization of the partnership in 1931, the stockholders of the corporation contributed their individual interests in the assets of the corporation to the partnership, their proportionate shares therein being set up on the books as follows: Per
Share
Value
Cent
Charles E. Wheeler,
Sr.
641/1138
$80,652.60
56.3269
Leroy E. Foutch
423/1138
53,223.16
37.1705
Charles E. Wheeler,
Jr.
47/1138
5,913.70
4.1300
Anita Foutch
15/1138
1,887.38
1.3181
Lula Wheeler
12/1138
1,509.88
1.0545
Upon the organization in 1931 of the partnership by the five parties named above, a certificate of partnership was duly filed in the office of the Clerk of the Circuit Court of Orange County, Indiana, covering the partnership of Wheeler-Foutch Company and listing the partners as these five parties. This certificate is still on file in the office of the Clerk of the Circuit Court and has never been amended to exclude Anita Foutch *98 from the partnership. The only amendment thereon evidences the withdrawal of Lula Wheeler from the partnership by reason of the acquisition of her shares by Charles E. Wheeler, Jr., on the 10th day of June 1940. The remaining four partners carried on the business of Wheeler-Foutch Company. No formal contract of partnership was executed until January 15, 1942, the interests of the individual partners being merely recorded on the books, and each partner's distributive share of income being credited each year to his or her individual drawing account. As of the first of the calendar year 1940, petitioner Charles E. Wheeler, Sr. assigned to his son a portion of his partnership interest equal to 4.9654 per cent of the entire partnership interest, and assigned to his daughter, Anita Foutch, a portion of his partnership interest equal to 3.8230 per cent of the entire partnership interest. As a result of these assignments the interest of each party in the net worth of the business, as shown by the books of the partnership, was as follows: Charles E. Wheeler, Sr.
48.5930 per cent
Leroy E. Foutch
37.1705 per cent
Charles E. Wheeler, Jr.
9.0954 per cent lAnita Foutch
5.1411 per cent
*99 On December 29, 1941, petitioner Charles E. Wheeler, Sr. made gifts to his son-in-law, Leroy E. Foutch, his son, Charles E. Wheeler, Jr., and his daughter, Anita Foutch, in the following amounts: Leroy E. Foutch
$10,000
Charles E. Wheeler, Jr.
45,000
Anita Foutch
30,000 A gift tax return was filed by petitioner Charles E. Wheeler, Sr., for the year 1941, in which the foregoing gifts were included. These gifts were credited on the books of the partnership to the accounts of the respective donees. After these credits the accounts of the respective parties, as of December 31, 1941, appeared on the records of the partnership as follows: Charles E. Wheeler, Sr.
$ 78,694.52
Leroy E. Foutch
159,218.60
Charles E. Wheeler, Jr.
113,436.87
Anita Foutch
38,454.17
Total
$389,804.16
When petitioner Charles E. Wheeler, Sr. made the gift of $30,000 to his daughter, Anita Foutch, in December 1941, there were no conditions of any kind attached to the gift. On January 15, 1942, the first formal contract of partnership in writing was executed. This agreement was executed by the four members of the partnership, including Anita Foutch, and the business *100 has since been operated under such agreement. This agreement provided that the capital of the partnership should be $200,000, contributed by the respective parties as follows: Charles E. Wheeler, Sr.
$60,000
Charles E. Wheeler, Jr.
60.000
Leroy E. Foutch
60,000
Anita Foutch
20,000
The contract further provided that the excess of the amounts to the accounts of the several partners on the books of the partnership, over and above the stated contributions to capital by each, was to represent an indebtedness on the part of the partnership to the respective partners. In accordance with this provision of the contract, the liability of the partnership to the respective parties immediately after the execution of the written agreement was as follows: Charles E. Wheeler, Sr.
$18,694.52
Leroy E. Foutch
99,218.60
Charles E. Wheeler, Jr.
53,436.87
Anita Foutch
18,454.17
The amount of $18,454.17 shown above as the sum owing by the partnership to Anita Foutch was exclusive of her capital in the partnership in the amount of $20,000. The capital contributions of the four partners were carried in a separate capital account upon the books of the partnership. *101 The business operated by the partnership has been successful. The branch at Orleans, Indiana, is managed by Charles E. Wheeler, Jr., and the one at Bedford, Indiana, is managed by Leroy Foutch. Petitioner Charles E. Wheeler, Sr. has general supervision over the entire business. During each of the calendar years here involved these three managing partners each received $3,000 per year for his services as such. The net profits of the partnership after deduction of salaries of the managing partners for the year 1942 and subsequent years were divided as follows: Charles E. Wheeler, Sr.
30 per cent
Leroy E. Foutch
30 per cent
Charles E. Wheeler, Jr.
30 per cent
Anita Foutch
10 per cent Under the written contract of partnership the partners were to bear any losses of the partnership in the same proportion as they would participate in profits. During the years here involved, Anita Foutch performed no services for the partnership and was not active in the control and management of the business. Any member of the partnership under the agreement had the right at the end of any year to retire from the partnership upon giving not less than six months' previous notice *102 to the other partners and to receive the amount as shown by his or her account on the books of the partnership, this amount to be paid to the retiring partner within six months after the effective date of the retirement. From the date of the organization of the partnership in 1931, the drawing accounts of the partners were duly credited at the close of each year with the respective share of the profits due each according to his or her investment. The amount so credited to the drawing account of Anita Foutch was at all times subject to her withdrawal and use for any purpose which she saw fit. No part of the fund standing to the credit of Anita Foutch on the books of the partnership was used by her father or for his benefit. From time to time such parts of the drawing account of Anita Foutch as were desired by her were paid to her by the partnership and used by her for personal purposes. During the period from 1942 to 1949, inclusive, the partnership made cash payments to Anita Foutch exceeding $22,000, which funds she used for her own individual purposes in the purchase of Government bonds, a home and other things for herself and her children. At the time the partnership was organized *103 in 1931 it was the intention of all of the parties that Anita Foutch become a member of the partnership. In each of the taxable years here involved, Anita Foutch was a bona fide member of the partnership of Wheeler-Foutch Company, entitled to receive in each year 10 per cent of the distributive profits of the partnership. In each year she filed her own individual income tax return in which she included her 10 per cent share of the profits of the business. In determining the deficiencies here in question, the respondent has included in the income of petitioner Charles E. Wheeler, Sr. the entire distributive share of the profits of the partnership payable to his daughter, Anita Foutch, under the partnership agreement. Opinion The sole question presented is whether, for the taxable years, Anita Foutch, the daughter of petitioner Charles E. Wheeler, Sr., is to be recognized for income tax purposes as a partner in the Wheeler-Foutch partnership, or her father is to be considered as in fact the owner of her share in the business. In , the Supreme Court stated the test to be made as follows: "* * * If, upon a consideration of *104 all the facts, it is found that the partners joined together in good faith to conduct a business, having agreed that the services or capital to be contributed presently by each is of such value to the partnership that the contributor should participate in the distribution of profits, that is sufficient. * * *" We do not find any fact or circumstance indicating a lack of genuine intent on the part of these four individuals to carry on business in partnership. There is nothing, in our opinion, which indicates that this arrangement, in so far as Anita Foutch was concerned, was a fraud or sham in which the petitioner, her father, was carrying a portion of his interest in the partnership under her name. It is difficult to reconcile the contention of the respondent with the facts formally stipulated by the parties. It is argued that Anita Foutch was never a member of the partnership, and yet the stipulation sets out specifically the organization of the partnership and the fact that Anita Foutch was a member thereof and gives the amount of her interest therein. Her original interest is shown to be the conversion of a stockholding interest in a preceding corporation which operated the *105 business. None of this interest originated with her father except four shares of stock given her by him many years before the organization of the partnership. In fact, we can not understand exactly what position is taken by the respondent in justifying his action in taxing to her father the income received by Anita Foutch from the partnership. It is said Anita Foutch was never a member of the partnership, but it is also argued that there was a new partnership created under the contract executed in 1942. This contention is squarely in the face of the facts stipulated, that the partnership was organized in 1931 and operated without a formal written contract of partnership until 1942, when a formal contract was executed under which it has operated since that time. It appears to be respondent's theory that upon the execution of the formal contract of partnership Anita Foutch forfeited her right to be considered a partner for income tax purposes by reason of the fact that part of her partnership interest originated in a gift from her father. Upon this basis the entire income received by her as her proportionate share of the earnings of the partnership has been taxed to her father, petitioner *106 Charles E. Wheeler, Sr. No effect is given to the established fact that her original interest was voluntarily acquired by her with her own individual funds. It is our conclusion that during the taxable years, Anita Foutch was a member of the partnership of Wheeler-Foutch Company and in good faith was one of the four individuals operating that business and was entitled as such to receive ten per cent of the profits realized, and that her interest therein as evidenced by the contract of partnership and the books of the company was her own individual property. That portion of the earnings of the partnership for each of the several years distributable to Anita Foutch is not to be included in the taxable income of her father, petitioner Charles E. Wheeler, Sr. The determination of deficiencies by the respondent appears to include some small adjustments not related to the main issue raised by these proceedings. Decisions will be entered under Rule 50.